IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
__MACON DIVISION

| | |
|---|---|
| CHRISTOPHER PARNELL, | : |
| Plaintiff, | : |
| VS. | : |
| | : NO. 5:25-cv-00105-MTT-CHW |
| WARDEN T. JESTER, *et al.*, | : |
| Defendants. | : |

### ORDER

Plaintiff Christopher Parnell, a prisoner in Central State Prison in Macon, Georgia, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also filed a motion to proceed *in forma pauperis* and a handwritten affidavit in relation to that motion, as well as a motion to appoint counsel. ECF Nos. 2, 4, & 5. As set forth below, Plaintiff is **ORDERED** to file a new motion to proceed *in forma pauperis*, and his motion to appoint counsel is **DENIED**.

I.   Motion to Proceed *In Forma Pauperis*

A prisoner or pretrial detainee seeking leave to proceed without prepayment of the filing fee must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). As an initial matter, neither Plaintiff's motion for leave to proceed *in forma pauperis* nor his affidavit are on the form for prisoner litigants seeking to proceed *in forma pauperis*. *See* ECF Nos. 2 & 5.

Moreover, Plaintiff's account certification form is dated April 2024. *See* ECF No. 2 at 3. Thus, this document does not provide the Court with any information about

Plaintiff's current financial situation. Finally, the account certification form is not accompanied by a printout of Plaintiff's account transactions for the six months before he filed the complaint.

Therefore, if he wants to proceed with this action, Plaintiff is now **ORDERED** to file a new motion to proceed *in forma pauperis* on the required form. Plaintiff's new motion to proceed *in forma pauperis* must be accompanied by an updated certified account statement including a printout of Plaintiff's account transactions for the six months before he filed his complaint. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his new motion to proceed *in forma pauperis*.

II.   Motion to Appoint Counsel

In the motion to appoint counsel, Plaintiff asserts only that he is indigent and cannot afford counsel. ECF No. 4. A district court "may request an attorney to represent any person unable to afford counsel."[1] 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam) (citations omitted). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* (citations omitted). In determining whether a case presents extraordinary circumstances, the Court considers

---

[1] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (per curiam) (citations omitted) (stating that the district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915(e)(1) provides no such authority).

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination."  The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified.  Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court.  Plaintiff's case is not complex.  Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial.  Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses.  Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary.  *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

Accordingly, Plaintiff's motion seeking appointed counsel (ECF No. 4) is **DENIED**.  Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time.  Consequently, there is no need for Plaintiff to file additional requests for counsel.

III. <u>Conclusion</u>

Therefore, as discussed above, Plaintiff is now **ORDERED** to file a new motion to proceed *in forma pauperis* consistent with the instructions herein. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his new motion to proceed *in forma pauperis*. The clerk is **DIRECTED** to provide Plaintiff with a copy of the appropriate forms for this purpose.

Plaintiff's motion for appointment of counsel is also **DENIED**. If Plaintiff does not fully and timely comply with this order, this action may be dismissed. Plaintiff is further **ORDERED** to notify the Court immediately in writing of any change of address. His failure to do so also may result in dismissal of this action.

There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 10th day of April, 2025.

<u>s/ Charles H. Weigle</u>
Charles H. Weigle
United States Magistrate Judge