IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTOPHER PARNELL, | : |
| Plaintiff, | : |
| VS. | : |
| | : NO. 5:25-cv-00105-MTT-CHW |
| WARDEN T. JESTER, *et al.*, | : |
| Defendants. | : |

# ORDER

Plaintiff Christopher Parnell, a prisoner in Central State Prison in Macon, Georgia, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also filed a motion to proceed *in forma pauperis* ("IFP").[1] ECF No. 10. On consideration of these filings, Plaintiff's motion for leave to proceed IFP is **GRANTED**, as discussed below, and thus, his complaint is ripe for preliminary review. On preliminary review, Plaintiff is **ORDERED** to recast his complaint if he wants to proceed with this action.

## MOTION FOR LEAVE TO PROCEED IFP

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 10. As it appears Plaintiff is unable

---

[1] Plaintiff initially filed a motion to proceed *in forma pauperis* that was not on the proper form and was otherwise incomplete. *See* ECF Nos. 2 & 5. He was ordered to refile a proper motion to proceed IFP (ECF No. 7) but did not file a new IFP motion within the allotted time. After the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to comply with the Court's order, Plaintiff filed a response along with a new motion to proceed IFP. ECF Nos. 10 & 11. Therefore, this case may proceed as discussed herein.

to pay the cost of commencing this action, his application to proceed IFP is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.   Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In

accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.     Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted

by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.  Factual Allegations

In the statement-of-claim section of his complaint, Plaintiff generally alleges that he had a painful hernia for which he put in a number of sick call requests. ECF No. 1 at 5. Plaintiff asserts that he was told that medical staff would not fix the condition or give him pain medication because the hernia was not life-threatening. *Id.* Plaintiff wrote letters to the health administrators and all of the administrators at the prison "from the wardens down" to ask for help with his condition, but he did not receive help until he filed a notice of claim. *Id.* At that point, he was sent to have the hernia fixed. *Id.* Thereafter, Plaintiff filed this complaint naming Warden T. Jester, Deputy Warden P. Chambers, Medical Administrator A. Harrison, and WellPath Medical Services as defendants. *Id.* at 4.

Plaintiff also attached a ten-page document to his complaint. ECF No. 1-1. This document appears to be a log of Plaintiff's attempts to get medical help between April 2024 and July 2024. *See generally id.* This log discusses other conditions in addition to the hernia, including cancer and a need for a cane.[2] *See id.*

III.    Order to Recast

Plaintiff appears to be attempting to raise a claim for deliberate indifference to his serious medical needs. To state a claim for deliberate indifference to serious medical needs, a plaintiff must allege "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted).

In the statement of facts section, Plaintiff makes only general allegations that he had a hernia, which did not get treated until he filed a notice of claim. Plaintiff does not include any allegations as to any specific defendants to show that they were aware of his medical needs or that they deliberately disregarded a risk of harm to Plaintiff. Thus, these allegations do not state a claim for relief.

The attachment to the complaint does not save Plaintiff's complaint. Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to submit a short and plain statement that he is entitled to relief. The attachment does not comply with Rule 8. The log includes a great deal of extraneous information without any clear statement of Plaintiff's

---

[2] It is not clear whether Plaintiff is attempting to raise claims based on any condition other than the hernia. Thus, he must clarify his intentions in this regard in his recast complaint.

claims. Although Plaintiff notes at points in the log that he has sent letters to the defendants, he fails to provide any allegations with regard to what the defendants actually knew and how they responded to him that would demonstrate deliberate indifference.

Although Plaintiff's complaint, as drafted, does not state a claim upon which relief may be granted, it appears possible that Plaintiff may be able to state such a claim through a more carefully drafted complaint. Accordingly, Plaintiff is now **ORDERED** to recast his complaint if he wants to proceed with this action.

When recasting his complaint, Plaintiff must write legibly. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this action. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form.

Plaintiff's recast complaint **shall take the place of and supersede all allegations made in the original pleading**. The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. As stated above, Plaintiff must name each defendant he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be subject to dismissal. Plaintiff shall not attach more than ten pages

of factual allegations to his recast complaint.

As set forth above, Plaintiff is now **ORDERED** to recast his complaint consistent with the instructions in this order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this case.

The Clerk is **DIRECTED** to mail Plaintiff a blank § 1983 form with his service copy of this order (with the civil action number showing on both). There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 25th day of July, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge