IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
__MACON DIVISION

| | |
|---|---|
| CHRISTOPHER PARNELL, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : NO. 5:25-cv-00105-MTT-CHW |
| WARDEN T. JESTER, *et al.*, | : |
| | : |
| Defendants. | : |

## ORDER & RECOMMENDATION

Plaintiff Christopher Parnell filed a pro se civil rights complaint under 42 U.S.C. § 1983 while he was a prisoner in Central State Prison in Macon, Georgia.[1] ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 10. Thereafter, Plaintiff's motion to proceed IFP was granted, and Plaintiff was ordered to recast his complaint if he wanted to proceed with this action. ECF No. 12.

Plaintiff has now filed a recast complaint, which is ripe for preliminary review. On that review, Plaintiff will be permitted to proceed for further factual development on his deliberate indifference to a serious medical need claims against Warden T. Jester and Medical Administrator A. Harrison. It is **RECOMMENDED** that Plaintiff's claims against Deputy Warden P. Chambers and WellPath Medical Services be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, as set forth below.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.  Standard of Review

The Prison Litigation Reform Act directs courts to conduct a preliminary screening

---

[1] Plaintiff recently filed a notice of change of address indicating that he has been released from Central State Prison. ECF No. 17.

of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II. <u>Factual Allegations</u>

In the recast complaint, Plaintiff asserts that he was diagnosed with a lower left ingrown hernia at Autry State Prison in 2018.[2] ECF No. 14 at 7. Plaintiff was supposed to have surgery at that time, but it was cancelled due to a shortage of transport staff. *Id.* Apparently, Plaintiff did not receive treatment for his hernia between 2018 and June 2023, when he was transferred to Central State Prison. *Id.*

When he arrived at Central State Prison, Plaintiff began putting in sick call requests in relation to his "hernia and the extreme pain" it caused. *Id.* Plaintiff lists grievances he filed and letters he sent beginning on April 5, 2024.[3] In particular, Plaintiff asserts that he

---

[2]In the recast complaint, Plaintiff refers to attachments, which he says will be mailed. *See* ECF No. 14 at 5. No attachments were included with the recast complaint, nor have any been received by the Court since the complaint was filed.

[3]Plaintiff asserts that he put in sick call requests prior to that date, but he does not provide

sent letters to Health Administrator A. Harrison on April 7, 2024; April 18, 2024; and April 23, 2024. *Id.* Plaintiff also alleges that he filed grievances on April 5, 2024; April 7, 2024; and April 8, 2024; and that he sent letters to Warden T. Jester on April 23, 2024; May 4, 2024; and May 25, 2024. *Id.*

In the meantime, Plaintiff was seen in medical on April 11, 2024, about his hernia. *Id.* at 8. At that time, Plaintiff was given a hernia belt and Motrin and was scheduled to be seen by Dr. Green. *Id.* Plaintiff was told that a prescription would be put in for him, but it was not put into the system, and Plaintiff did not receive any pain medication other than the Motrin on that one occasion. *Id.*

On April 19, 2024, Plaintiff spoke to Warden Jester about a burn wound and his hernia. *Id.* Plaintiff was sent to the hospital for treatment for the burn, but nothing was done about the hernia. *Id.* On April 22, 2024, Plaintiff's dressing for his wound was changed, and he asked about his hernia. *Id.* Physician's Assistant Megran spoke to Dr. Green, who said that Plaintiff would not be treated for the hernia until the burn was completely healed. *Id.* Plaintiff spoke to Megran again on April 26, 2024, when he was again denied treatment. *Id.* Plaintiff states that on April 30, 2024, Harrison told him that nothing would be done at that time. *Id.*

On May 8, 2024, Plaintiff discussed his hernia with Warden Jester, who told him that she could not give orders to medical. *Id.* He also spoke to her on May 29, 2024, but he does not say what she told him at that time. *Id.*

On May 30, 2024, Plaintiff was seen by a nurse at sick call. *Id.* Plaintiff then was put on a video chat with Nurse Practitioner Parrish from WellPath Medical Services. *Id.*

---

any specific information about his requests for help before April 2024.

Parrish looked at Plaintiff's hernia on video and told the sick call nurse to put in new orders for a CT scan, ultrasound, and surgery consult. *Id.* On June 12, 2024, Plaintiff spoke to Physician's Assistant Monday, who said that Plaintiff needed to have surgery and scheduled an appointment. *Id.* Plaintiff was told on June 21, 2024, that he would be getting everything that he had asked for. *Id.* Plaintiff filed this complaint against Warden T. Jester, Deputy Warden of Care and Treatment P. Chambers, Medical Administrator A. Harrison, and WellPath Medical Services.

### III. Plaintiff's Claims

Plaintiff's allegations in the complaint suggest that he is attempting to raise claims against these defendants for deliberate indifference to a serious medical need. To state a claim for deliberate indifference to serious medical needs, a plaintiff must allege facts showing "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted). The first prong is objective, and

> a serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. . . . In either of these situations, the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm.

*Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation marks and citations omitted).

For the second element—deliberate indifference—a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (quoting *Farmer*

*v. Brennan*, 511 U.S. 825, 839 (1994)). Subjective awareness requires that the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (citing *Farmer*, 511 U.S. at 837). To show that a particular "defendant acted with 'subjective recklessness as used in the criminal law,'" the plaintiff must allege facts showing "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1255. Whether the defendant was subjectively aware of a serious risk of harm "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842.

Liability cannot be based on simple negligence or medical malpractice, but rather on some sort of conscious disregard for a serious and imminent risk. *Id*. at 834; *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (explaining that mere allegations of negligence or malpractice do not amount to deliberate indifference). A prison official might act with deliberate indifference by denying or delaying medical care or by providing "medical care which is so cursory as to amount to no treatment at all." *Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (citations omitted). But "[s]ome delay in rendering medical treatment may be tolerable depending on the nature of the medical need and the reason for the delay." *Adams v. Poag*, 61 F.3d 1537, 1544 (11th Cir. 1995).

The final prong simply requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007)

(citation omitted) (explaining that "as with any tort claim, [plaintiff] must show that the injury was caused by the defendant's wrongful conduct").

As to whether he had a serious medical need, Plaintiff asserts that he was diagnosed with a hernia in 2018. Plaintiff contends that he was initially scheduled for surgery but that the surgery did not take place. Plaintiff alleges that he sent in numerous sick call requests seeking treatment because the hernia caused him pain. At some point after June 21, 2024, Plaintiff apparently underwent surgery to treat the hernia.

At this point, it is not clear that Plaintiff's condition constituted a serious medical need, as he went years without treatment before the named defendants became involved, and Plaintiff does not allege specific facts showing that he suffered serious harm in that time. Nevertheless, Plaintiff does allege that the condition was very painful. Moreover, he asserts that, once he was seen by the Nurse Practitioner in May 2024, he was ultimately referred for surgery. Accepting these allegations as true and construing them in his favor, Plaintiff has sufficiently alleged that his hernia constituted a serious medical need sufficient for the purposes of this preliminary review. Therefore, the question is whether Plaintiff has alleged facts to show that any of the named defendants was deliberately indifferent to his need.

    A.    <u>Warden T. Jester</u>

Plaintiff does not set forth any facts regarding Warden Jester before April 19, 2024, when he spoke to her about a burn wound and his hernia. At that point, Plaintiff had been seen in medical about his hernia, had been given a hernia belt, and was scheduled to be seen by Dr. Green. Plaintiff also sent letters to Warden Jester on April 23, 2024; May 4, 2024; and May 25, 2024. He spoke to Warden Jester on May 8, 2024, when she told him

that she could not give orders to medical, and again on May 29, 2024. Plaintiff learned on June 21, 2024, that he would receive the treatment he had been seeking.

As with the question of whether he had a serious medical need, it is not clear at this time that Plaintiff will be able to demonstrate that Warden Jester was actually aware of Plaintiff's serious medical need and deliberately disregarded a risk of harm to Plaintiff. Accepting Plaintiff's allegations as true and construing them in his favor, it appears possible that he may have a claim for relief against Warden Jester. In particular, Plaintiff asserts that Warden Jester knew for two months that Plaintiff was suffering from his hernia, but she did not help him get treatment. Therefore, Plaintiff will be permitted to proceed for further factual development on his deliberate indifference claim against Warden Jester.

### B.   Medical Administrator A. Harrison

Similarly, Plaintiff asserts that he wrote multiple letters to Medical Administrator Harrison and that he spoke to her in person about his condition, but she also did not help him get treatment. Thus, Plaintiff will be permitted to proceed for further factual development on his deliberate indifference claim against Harrison.

### C.   Deputy Warden P. Chambers

Plaintiff names Deputy Warden of Care and Treatment P. Chambers as a defendant to this action, but he does not include any allegations as to Chambers in his statement of the facts. Presumably, Plaintiff included Chambers based on her position as deputy warden of care and treatment. A § 1983 claim, however, requires a plaintiff to demonstrate "an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). As Plaintiff has made no allegations connecting Deputy Warden Chambers to his claim, it is

**RECOMMENDED** that his claim against her be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

    D.  WellPath Medical Services

  Finally, Plaintiff also does not include any allegations as to WellPath's involvement with his situation other than that he saw a nurse practitioner from WellPath. To state a claim against a prison's medical services contractor, a prisoner must allege that the contractor had a custom or policy that caused the constitutional violation at issue. *Massey v. Montgomery Cty. Detention Facility*, 646 F. App'x 777, 780 (11th Cir. 2016) (per curiam) (citing *Monell v Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). As Plaintiff's allegations do not show any connection between WellPath's policies and any delay in his treatment, it is also **RECOMMENDED** that this claim be **DISMISSED WITHOUT PREJUDICE**.

    IV.  Conclusion

  Therefore, as set forth above, Plaintiff will be permitted to proceed for further factual development on his deliberate indifference to a serious medical need claims against Defendants Warden T. Jester and Medical Administrator A. Harrison. It is **RECOMMENDED** that his claims against Deputy Warden P. Chambers and WellPath Medical Services be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### OBJECTIONS

  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to

the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Warden T. Jester and Medical Administrator A. Harrison, it is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines

that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.   The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

**IT IS FURTHER ORDERED** that Defendants comply with the attached "Required Disclosure of the Existence of Video or Photographic Evidence When Plaintiff Files Suit Against One or More Georgia Department of Corrections Employees Relating to Events That Occurred During Plaintiff's Incarceration within the Georgia Department of Corrections."

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED and RECOMMENDED**, this 9th day of December, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge