**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER PARNELL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 5:25-cv-00105-MTT-CHW** |
| **v.** | : | |
| | : | |
| **Warden T. JESTER,** *et al.,* | : | |
| | : | **Proceedings Under 42 U.S.C. § 1983** |
| **Defendants.** | : | **Before the U.S. Magistrate Judge** |
| | : | |

## ORDER

Pending before the Court is Plaintiff Christopher Parnell's "motion for discovery documents." (Doc. 35). Plaintiff asks the Court to grant his motion which seeks several documents from the prison concerning his claim. (*Id*.) One defendant, Warden Jester, answered this suit on April 8, 2026. (Doc. 34). As explained in the screening order, Defendant Jester's answer marked the beginning of a 90-day discovery period. (Doc. 18, p. 12). Because the discovery period is ongoing, Plaintiff does not require the Court's permission to seek discovery. Therefore, Plaintiff's motion for discovery documents (Doc. 35) is **DENIED as moot**.[1]

In the event Plaintiff's motion was his attempt to serve his discovery requests on Defendant, the Court reiterates its instructions from the screening order:

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her

---

[1] To the extent that Plaintiff may have intended his motion to be a motion to compel discovery, the motion would be premature and unsupported. This Court does not entertain motions to compel absent a certificate that the movant first attempted to confer, in good faith, with the opposing parties to seek the requested information without court action. Fed. R. Civ. P. 37; Local Rule 37. Plaintiff's motion is unaccompanied by such a certificate.

by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the Court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceeds these limitations.

(Doc. 18, p. 12) (emphasis in original).

Pursuant to the Court's Local Rules and the Federal Rules, Plaintiff should seek discovery directly from Defendant and should only seek Court intervention in the event that Defendant fails to comply with Plaintiff's good faith efforts to obtain specified discovery materials.

*Entry of Default as to Defendant Harrison*

Plaintiff's motion has drawn the Court's attention to the status of Defendant Harrison. Defendant Harrison was personally served on March 19, 2026, (Doc. 33-1), but has not answered the complaint. *See Docket*. Because the time for Defendant Harrison to respond to Plaintiff's complaint has passed, the Clerk of Court is hereby **DIRECTED** to enter a default on the docket against Defendant Harrison. <u>Plaintiff shall file a motion for default judgment within 21 days of this Order. Failure to comply may result in his claims against Defendant Harrison being dismissed for failure to prosecute.</u> Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the motion for default shall state whether a hearing is necessary to determine damages, and if a hearing is not necessary, the motion shall include all evidence supporting the damages sought in the motion. A copy of this order shall be mailed to Defendant Harrison at the address at which service was perfected.

*Costs to Personally Serve Defendant Jester*

The Clerk of Court originally prepared the waiver of service paperwork for Defendant Jester on December 10, 2025. (Doc. 19, p. 1). The service address was Central State Prison, and the paperwork was returned unexecuted on March 9, 2026, without any other notation. (Doc. 29, p. 1). Defendant Jester was eventually personally served at Baldwin State Prison by a Deputy U.S. Marshal on March 19, 2026. (Doc. 33, p. 1). Although Defendant Jester was served at a different prison than listed on the original service paperwork, she remained employed as a warden within the Georgia Department of Corrections (GDC). Yet, the prison returned the waiver paperwork unexecuted and without any attempt to forward the paperwork or inform the Court to Defendant Jester's current assignment, despite GDC and prison employees being fully aware of the importance of waiving service and this Court's previous admonitions that service paperwork must be taken seriously when received. Therefore, Defendant Jester is **ORDERED** to **SHOW CAUSE**, within 14 days, why she should not be required to reimburse the Court for the costs of service in the amount of $244.30, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.

**SO ORDERED**, this 8th day of May, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

3